**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-1924-REB-OES

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a foreign corporation,

    Plaintiff,

v.

TRITON DEVELOPMENT, LLC, a Colorado corporation, et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY

**Blackburn, J.**

This matter is before me on the homeowner association defendants' motion to dismiss or to stay [#10], filed November 18, 2004. The matter is fully briefed. I conclude that the motion to stay should be granted.

### I. JURISDICTION

The plaintiff, The Insurance Company of the State of Pennsylvania (ICSOP), seeks a declaratory judgment defining the scope of insurance coverage under a policy issued by the plaintiff to defendants Triton Development, LLC, 1727 Pearl, LLC, 1747 Pearl, LLC, and 1767 Pearl, LLC. ICSOP also seeks a determination of the scope of insurance coverage under a policy issued by defendant Royal Insurance Company of America. ICSOP brings its claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202. The underlying controversy presents only questions of state law.

Based on the allegations in the complaint, I have diversity jurisdiction over the dispute under 28 U.S.C. § 1332.

## II.  FACTS

The genesis of this case is a lawsuit in state court concerning property damage to three related condominium complexes resulting from construction defects. Defendants Triton Development, LLC, 1727 Pearl, LLC, 1747 Pearl, LLC, and 1767 Pearl, LLC (Triton Defendants) built and sold the condominiums between 1999 and 2001.  The Triton Defendants also established three homeowner associations to maintain the three condominium buildings.  These three homeowner associations are the three defendant homeowner associations in this case (Associations).  After discovering defects in the buildings, the Associations filed suit in Colorado state court against the Triton Defendants.  The Triton Defendants moved to compel arbitration, and the state court granted that motion.  At the conclusion of the arbitration, the arbitrator issued an award in favor of the Associations and against the Triton Defendants for 2,648,432.00 dollars.  The Associations then obtained an order from the state court confirming the arbitrator's award, and entering judgment against the Triton Defendants.

After the judgment was entered, the state court issued writs of garnishment to three insurance companies: 1) plaintiff ICSOP; 2) defendant Royal Insurance Company of America; and 3) Admiral Insurance Company.  Admiral is not a party to this case. The Associations claim that the three insurance companies are required to indemnify the Triton Defendants for the full amount of the judgment in favor of the Associations. Triton requested and received coverage under its primary insurance policy with

Admiral. Admiral claims its policy has been exhausted. The Associations disagree with Admiral's claim, and the Associations are pursuing garnishment remedies against Admiral in state court.

ICSOP and Royal provided policies which provide coverage only for losses not covered by Admiral's policy. *Associations' reply to Royal's response*, p. 2. ICSOP now seeks a declaratory judgment determining the respective obligations of ICSOP, Royal, and Triton to make payment on the arbitration award and judgment. *ICSOP's response*, p. 5. Royal apparently disputes the claim of ICSOP and the Triton defendants that the Royal policy provides coverage for some or all of the amounts awarded to the Associations, as reflected in the arbitration award and state court judgment. *Royal's response*, p. 3-4.

After the Associations filed their motion to dismiss or stay, the Triton Defendants filed a counterclaim alleging the ICSOP had breached its indemnification duties under the ICSOP insurance policy. The Triton Defendants also filed cross-claims against Royal for breach of the duty to provide indemnification, negligent claim handling, and bad faith breach of insurance contract.

### III. MOTION TO STAY OR DISMISS DECLARATORY JUDGMENT ACTION

The Associations argue that this court may not properly entertain a claim for declaratory judgment determining the insurance coverage obligations of ICSOP and Royal when a state court proceeding in which those coverage obligations may be determined is pending. The Associations argue that ICSOP's and Royal's coverage obligations properly may be determined in the garnishment proceedings pending in state court. Given the parallel state court proceeding on the same question, the

Associations assert, ICSOP should not be permitted to use the federal Declaratory Judgment Act to avoid the state court proceeding. I agree.

### A.  *Brillhart & Wilton*

In ***Brillhart v. Excess Ins. Co. of America***, the United States Supreme Court faced a situation strikingly similar to this case. 316 U.S. 491 (1942). In ***Brillhart***, a judgment creditor instituted garnishment proceedings against the debtor's insurance carrier in state court. 316 U.S. at 493. The insurance carrier then sought a declaration from a United States district court that the insurer had no duty to indemnify the debtor. *Id*. The district court dismissed the action because the same issues already were being litigated in state court. The Supreme Court upheld the district court's decision.

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id*. at 494.

The Court reexamined ***Brillhart*** in ***Wilton v. Seven Falls Co.***, 515 U.S. 277 (1995). In ***Wilton***, an insurer refused to defend or indemnify the Hill Group, which was a defendant in an oil and gas lawsuit in state court. 515 U..S. at 279. After an adverse judgment entered against the Hill Group, the Hill Group told the insurer that it intended to file a suit in state court to enforce the insurance policy. *Id*. at 280. Before the state court suit was filed, the insurer brought a declaratory judgment action in federal court seeking a declaration that its policies did not cover the Hill Group's liabilities. *Id*. The Hill group then filed a suit in state court to enforce the insurance policy. *Id*. The Hill Group also moved to dismiss or stay the federal court declaratory judgment action. *Id*.

The federal court entered a stay, finding that the pending state lawsuit "encompassed the same coverage issues raised in the declaratory judgment action and determined that a stay was warranted in order to avoid piecemeal litigation and to bar [the insurer's] attempts at forum shopping." *Id*. The Supreme Court upheld this ruling, concluding that the standards stated in *Brillhart* controlled.

"*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Id*. at 282.

> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such a declaration. . . ."

*Id*. at 286 (quoting 28 U.S.C. § 2201(a)). In short, the Court concluded that the Declaratory Judgment Act provides a "unique breadth of . . . discretion to decline to enter a declaratory judgment. . . ." *Id*. at 287. Again, "(g)ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495.

When exercising this discretion, the *Brillhart* Court concluded that a district court should consider whether the dispute

> can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id*. The Court noted that other factors may be relevant in other circumstances. *Id*.

5

In a similar context involving an insurance coverage dispute, the United States Court of Appeals for the Tenth Circuit has articulated a non-exclusive list of five factors to guide a district court's exercise of discretion under the Declaratory Judgment Act.

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or "to provide an arena for a race to res judicata, [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

***St. Paul Fire and Marine Ins. Co. v. Runyon***, 53 F.3d 1167, 1169 (10th Cir. 1995) (quotation and citation omitted). This list of factors provides relevant guidance from the Tenth Circuit, and a workable summary of the considerations outlined by the Supreme Court in ***Brillhart*** and ***Wilton***.

## B.  Application of *Brillhart*, *Wilton*, & *Runyon*

Applying ***Brillhart***, ***Wilton***, and ***Runyon***, the Associations argue that ICSOP's declaratory judgment action would not settle the entire controversy. The Associations note that Admiral is not a party to this case, yet the Associations claim that Admiral is liable to pay part of the judgment that remains unpaid. A determination of Admiral's liability has a direct effect on the potential liability of ICSOP and Royal, because ICSOP and Royal's coverage is triggered only when Admiral's coverage has been exhausted. This aspect of the controversy cannot be resolved without Admiral. ICSOP and Royal note that the cross-claims and counterclaims asserted by the Triton defendants cannot be resolved in the state court garnishment actions, but they can be resolved in this declaratory judgment action. ICSOP and Royal argue that the state court garnishment

6

actions will not settle the entire controversy either, and that a more complete resolution can be obtained via this declaratory judgment action.

     I conclude that these circumstances weigh in favor of the state court action. Neither the federal declaratory judgment action nor the state court garnishment actions currently are postured to resolve all of the pending claims.  However, the state court garnishment actions, as discussed below, are a proper forum in which to resolve the key question: which insurance companies owe what amount of coverage relevant to the state court's judgment?  The counterclaims and cross-claims all hinge on a determination of this key question.  This key question, a question of state law, currently is pending before a state court, and that court can resolve this question fairly.  When that question is resolved, the Triton defendants then can determine if they have any claims against ICSOP and Royal, and whether those claims should be pursued. Further, the state court has been involved in this case from its inception, and thus has a more detailed understanding of the underlying facts.  This knowledge no doubt will aid the state court in resolving the insurance coverage issues.  The state court is well postured to resolve the question of state law that is the lynchpin of this dispute.  Absent strong counter-veiling considerations, I will not usurp the state court's authority.

     ICSOP and Royal also argue that this declaratory judgment proceeding provides a more appropriate forum in which to resolve the underlying insurance coverage dispute than does the state court.  ICSOP notes that the question of the scope of its obligation to provide insurance coverage to the Triton defendants is a question that was not addressed in the underlying state court proceeding and arbitration.  The parties' positions on these issues must be developed, and evidence in support of those

positions must be obtained and analyzed, ICSOP notes. ICSOP's points to a "possible disparity in the scope of discovery" between this case and the state court garnishment proceedings. *ICSOP's response*, p. 6. Royal argues that the state court garnishment proceedings are not equipped to handle the discovery necessary to resolve this question. Royal says it is "unclear what, if any, discovery will be allowed to resolve the coverage issues" in a garnishment proceeding. *Royal's response*, p. 5 n. 1.

The Colorado Supreme Court has held that "(g)arnishment is an appropriate context for resolving coverage issues in a third party victim insurance case." **Bohrer v. Church Mut. Ins. Co.**, 965 P.2d 1258, 1266 (Colo. 1998). In **Bohrer**, the plaintiff had been awarded a judgment against the defendant, and sought to garnish the defendant's insurers in an effort to collect the judgment. In such a context, the Colorado Court of Appeals has noted that a third party garnishee "is entitled to deny the debt to the judgment debtor, may engage in discovery, and is entitled to a hearing in which the judgment creditor must prove his allegations by a preponderance of the evidence." **Maddalone v. C.D.C., Inc.**, 765 P.2d 1047, 1049 (Colo. App. 1988). Nothing in Colorado law or in the record of this case indicates that the garnishment proceedings in state court will not permit the parties to obtain a fair resolution of the key insurance coverage issues in this case. This declaratory judgment action is not a fundamentally more fair or efficient means to resolve these coverage issues.

Applying the five factors summarized in **Runyon**, I conclude that I should decline to exercise jurisdiction over this insurance coverage dispute under the Declaratory Judgment Act. Resolution of this declaratory judgment action would settle much of the controversy, but not all of it. The state court is in a better position to resolve the key

questions of insurance coverage, which will lead to the resolution of the related issues. The useful purpose of resolving this dispute can be achieved at least as well by the state court as by this court. It is possible that the filing of this action is being used as procedural fencing by ICSOP, but I do not have an adequate basis to make such a finding. My usurpation of the state court's jurisdiction over the underlying insurance coverage dispute, like any usurpation of authority, is likely to increase friction between the state and federal courts. The alternative of resolving these issues in state court will be equally fair and just. This declaratory judgment action does not hold some significant advantage over the state court action which justifies my exercise of jurisdiction over this matter. In the context of this case, my exercise of jurisdiction over this case via the Declaratory Judgment Act approaches "(g)ratuitous interference with the orderly and comprehensive disposition of a state court litigation. . . ." **Brillhart**, 316 U.S. at 495.

### C.  Dismissal or Stay

The Tenth Circuit has said that a stay often will be preferable to dismissal when a federal court declines to exercise jurisdiction under the Declaratory Judgment Act. *U.S. v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002). The court noted that a decision not to exercise jurisdiction under the Act often involves "some measure of prognostication" about whether the underlying dispute will be fully resolved in state court. *Id*. In addition, a stay prevents the application of a time bar from barring further action on an unresolved claim, if such action becomes necessary. *Id*.

In light of these considerations, I find that a time limited stay of this action is preferable to dismissal without prejudice. I will stay this case pending final resolution of the state court garnishment proceedings against ICSOP in the underlying state court action, *1727 Parl St. Homeowners Ass'n, Inc. v. Triton Dev., LLC*, Case No. 02CV2563 (Colo. 2nd Dist). To preserve order on this court's docket, I also will administratively close this case under D.C.COLO.LCivR 41.2. If no motion to reopen this case is filed within 90 days after the state district court's final resolution of the garnishment proceeding against ICSOP, then this case may be dismissed with prejudice without further notice to the parties.

### ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That the homeowner association defendants' motion to dismiss or to stay [#10], filed November 18, 2004, is **GRANTED**;

2) That this case is **STAYED** pending final resolution of the state court garnishment proceedings against ICSOP in the underlying state court action, *1727 Parl St. Homeowners Ass'n, Inc. v. Triton Dev., LLC*, Case No. 02CV2563 (Colo. 2nd Dist);

3) That under D.C.COLO.LCivR 41.2, this case is **ADMINISTRATIVELY CLOSED**; and

   4) That if no motion to reopen this case is filed within 90 days after the state district court's final resolution of the garnishment proceeding against ICSOP in the underlying state court action, ***1727 Parl St. Homeowners Ass'n, Inc. v. Triton Dev., LLC***, Case No. 02CV2563 (Colo. 2nd Dist), then this case **MAY BE DISMISSED** with prejudice without further notice to the parties.

   Dated September 26, 2005, at Denver, Colorado.

               BY THE COURT:

               s/ Robert E. Blackburn
               Robert E. Blackburn
               United States District Judge